# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CWI, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-00443-CV-RK |
| | ) |
| DOGWOOD SHOOTING SUPPLY, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER REMANDING CASE

### I. Background

Plaintiff brought this action in the Circuit Court of Lafayette County, Missouri, alleging Defendant (1) breached a sales contract with Plaintiff, (2) converted a prepayment without delivering the agreed-upon products, as well as claims for (3) money had and received and (4) unjust enrichment for the same facts. (Doc. 1-2.) Defendant timely removed the case, invoking the Court's diversity of citizenship. (Doc. 1.)

On July 12, 2022, the Court entered an Order directing Defendant Dogwood Shooting Supply, LLC, to show cause why this case should not be remanded pursuant to the forum-defendant rule. (Doc. 3.) Defendant's response was due on or before July 19, 2022. (*Id.*) No response was filed before the deadline.

On July 20, 2022, the Court entered a second Order directing Defendant to show cause why Defendant failed to timely respond to the Court's Show Cause Order of July 12, 2022, and why the case should not be remanded pursuant to the forum-defendant rule. (Doc. 5.) Defendant's response was due on or before July 25, 2022. (*Id.*) Defendant was warned that if no response was filed by the deadline, the case would be remanded without further notice. (*Id.*)

### II. The Forum Defendant Rule

Diversity jurisdiction exists if the amount in controversy exceeds $75,000 and if the parties are citizens of different states. 28 U.S.C. § 1332; *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). The second diversity jurisdiction requirement mandates "complete diversity," or that "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010). "Congress has granted defendants sued in state court the right to remove the suit to federal district court if the

civil action is one 'of which the district courts . . . have original jurisdiction.'" *Holbein v. TAW Enters.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (*en banc*) (quoting 28 U.S.C. § 1441(a)).

The forum-defendant rule, however, prevents removal to a federal district court when that action is removeable solely based on diversity jurisdiction, and "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* (quoting 28 U.S.C. § 1441(b)(2)). "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

Here, Plaintiff's petition alleges, upon information and belief, that Defendant "is a limited liability company organized under the laws of the State of Missouri, with its principal place of business located at 24 NE 641, Knob Noster, Missouri 65336." (Doc. 1-2 at ¶ 2.) In Defendant's notice of removal, Defendant indicates all members of Dogwood Shooting Supply, LLC, are Missouri citizens. (Doc. 1 at ¶ 3.) Because this case is removeable solely based on diversity jurisdiction, and Defendant Dogwood Shooting Supply, LLC's members are all citizens of Missouri, the forum-defendant rule applies here.

### III. Conclusion

Because the Court finds that the forum-defendant rule applies here, and because to date, Defendant has not filed a response to either of the Court's Show Cause Orders, this case is **REMANDED** to the Circuit Court of Johnson County, Missouri.

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 27, 2022